[No. C039535. Third Dist. Dec. 9, 2002.]

RICHARD L. GUILLEMIN, Cross-complainant and Appellant, v. PAUL STEIN et al., Cross-defendants and Respondents.

**COUNSEL**

Richard L. Guillemin, in pro. per.; William Brewer & Associates and William K. Brewer for Cross-complainant and Appellant.

Barkett, Gumpert & Reiner and Franklin G. Gumpert for Cross-defendants and Respondents.

**OPINION**

**DAVIS, Acting P. J.**—Richard L. Guillemin purports to appeal from the judgment of dismissal of his cross-complaint that the trial court entered after sustaining the demurrer of Paul Stein and Ray Waller to the only counts of the pleading naming them as cross-defendants. He also appeals from two postjudgment orders awarding costs and sanctions. We shall dismiss the appeal from the judgment and from an award of discovery sanctions as untimely. We shall affirm the award of costs, but will vacate the associated sanctions. In doing so, we construe Government Code section 6103.5 as authorizing the recovery of costs for filing fees when a judgment is entered in favor of public officials acting in their official capacity. Guillemin's argument to the contrary is neither frivolous nor otherwise a proper basis for imposing sanctions.

I

 The trial court entered judgment dismissing the cross-complaint against cross-defendants Stein and Waller on August 16, 2001, and they served notice of entry on Guillemin the next day. Sixty-one days later (Oct. 17), Guillemin filed his notice of appeal. The cross-defendants contend the notice of appeal is untimely. Guillemin concedes the point in his reply brief, but asks "by separate motion, relief to consider his late filed appeal on the grounds that the late filing was due to circumstances beyond his control." This is the entirety of his response.

Guillemin had 60 days from the date of service of the notice of entry of judgment to file his notice of appeal. (Cal. Rules of Court, rule 2(a)(2).) Not

only is his invocation of unspecified "circumstances beyond his control" merely conclusory, it is irrelevant. The 60-day period here pertinent in which to file a notice of appeal is mandatory, and we do not have jurisdiction to consider an appeal filed even one day after it expires. (*Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 674 [125 Cal.Rptr. 757, 542 P.2d 1349]; *Janis v. California State Lottery Com.* (1998) 68 Cal.App.4th 824, 828-829 [80 Cal.Rptr.2d 549].) We must therefore deny his motion to permit consideration of late-filed notice of appeal and request for judicial notice and dismiss the appeal from the judgment without reviewing Guillemin's claim that he has stated a cause of action under Civil Code section 52.1 in the eighth count of the cross-complaint.

## II

Before entry of the judgment dismissing the cross-complaint against Stein and Waller, the trial court granted the motion of the cross-defendants to compel further responses to their interrogatories and awarded sanctions of $1,643. In issuing a postjudgment order denying Guillemin's motion to tax costs, the trial court included a "confirmation" of its earlier award of discovery sanctions.

Sanctions for discovery abuse are not separately appealable unless they exceed $5,000. (Code Civ. Proc., § 904.1, subd. (b); see *Estrada v. Ramirez* (1999) 71 Cal.App.4th 618, 621 [84 Cal.Rptr.2d 73].) They otherwise can be reviewed only in the appeal from the final judgment in the main action. (*Russell v. General Motors Corp.* (1992) 3 Cal.App.4th 1114, 1119 [4 Cal.Rptr.2d 750].) The order awarding discovery sanctions was thus part of the judgment in the present matter, and is beyond our review for want of a timely appeal.

It is immaterial that the trial court later "confirmed" its sanctions award in a postjudgment order from which there is a timely appeal. In order to be appealable, a postjudgment order must also raise an issue different from those embraced in the judgment; otherwise it would give a party two chances to appeal the same ruling and thus (as in the present case) circumvent the time limit on appealing from the judgment. (*Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651 [25 Cal.Rptr.2d 109, 863 P.2d 179].) As a result, the inclusion of the award of discovery sanctions in the postjudgment order is a nullity. We will dismiss that part of the appeal from the postjudgment order.

The sole issues on which our jurisdiction is properly invoked are a $364 cost item and $690 in sanctions. We now turn to these issues.

III

A

■ The judgment of dismissal did not specify the amount of costs to which the cross-defendants were entitled. They subsequently filed a memorandum of costs of $364 for fees for their first appearance. Mr. Guillemin filed his notice of motion to tax this cost. He argued that neither cross-defendant had paid filing costs because they were "governmental defendants." (Cross-defendant Stein apparently was a member of the Calaveras County Board of Supervisors, while cross-defendant Waller was the director of the county's planning department.)

The cross-defendants' opposition asserted that Government Code section 825[1] required Calaveras County to assume their defense because their actions arose out of the scope of their employment.[2] As a result, section 6103 exempted them from paying a filing fee.[3] They contended that they then were entitled under section 6103.5 to recover the costs as part of the judgment in order to pay the fees to the court.[4] The cross-defendants also moved for sanctions against Guillemin and his attorney for a frivolous

---

[1]Further undesignated section references are to the Government Code.

[2]Section 825, subdivision (a) provides in pertinent part: "[I]f an employee or former employee of a public entity requests the public entity to defend him or her against any claim or action against him or her for an injury arising out of an act or omission occurring within the scope of his or her employment as an employee of the public entity . . . and the employee or former employee reasonably cooperates in good faith in the defense of the claim or action, the public entity shall pay any judgment based thereon or any compromise or settlement of the claim or action to which the public entity has agreed."

[3]Section 6103 provides: "Neither the state nor any county, city, district, or other political subdivision, nor any public officer or body, acting in his official capacity on behalf of the state, or any county, city, district or other political subdivision, shall pay or deposit any fee for the filing of any document or paper, for the performance of any official service, or for the filing of any stipulation or agreement which may constitute an appearance in any court by any other party to the stipulation or agreement. This section does not apply to the State Compensation Insurance Fund or where a public officer is acting with reference to private assets or obligations which have come under his jurisdiction by virtue of his office, or where it is specifically provided otherwise. No fee shall be charged for the filing of a confession of judgment in favor of any of the public agencies named in this section.

"No fee shall be charged any of the public agencies named in this section to defray the costs of reporting services by court reporters. Such fees shall be recoverable as costs as provided in Section 6103.5."

[4]Section 6103.5 provides, in pertinent part: "(a) Whenever a judgment is recovered by a public agency named in Section 6103, either as plaintiff or petitioner or as defendant or respondent, in any action or proceeding to begin, or to defend, which under the provisions of Section 6103 no fee for any official service rendered by the clerk of the court, including, but not limited to, the services of filing, certifying, and preparing transcripts, nor fee for service of process or notices by a sheriff or marshal has been paid, other than in a condemnation proceeding, quiet title action, action for the forfeiture of a fish net or nets or action for the

motion. (Code Civ. Proc., § 128.7.) Guillemin replied that cross-defendants were not entitled to recover filing fees as costs because they never incurred the expense, and were individuals rather than public agencies.

In the trial court's order denying the motion to tax costs, it awarded what it termed the "deferred filing fees." Following a subsequent hearing on the request for sanctions, the trial court also granted the motion for sanctions, awarding $690. In its order, the trial court stated, "It was absolutely clear that . . . § 6103.5 authorized deferral of filing fees for public officials and that the costs claimed by Cross-Defendants were incurred and will have to be paid to the Court Clerk if recovered."

**B**

Section 6103 provides in pertinent part that "[n]either the state nor any county, city, district, or other political subdivision, nor any public officer or body, acting in [an] official capacity . . . , shall pay . . . any fee for the filing of any document . . . ."

Guillemin contends this statute exempts public officials from paying filing fees, thus public officials do not incur any costs in this regard. He asserts that they therefore cannot recover filing fees under one of the general requirements of costs set forth in Code of Civil Procedure section 1033.5: "Costs are allowable *if incurred*, whether or not paid." (Code Civ. Proc., § 1033.5, subd. (c)(1), italics added.)[5]

We are not persuaded. The language of section 6103 does not say the fees do not *accrue*. Rather, it says only that the state, counties, cities, districts, political subdivisions, and public officers or bodies acting in an official capacity are exempt from *payment* of the fees. Moreover, the argument disregards the plain language of section 6103.5, which provides in pertinent part:

---

forfeiture of an automobile or automobiles, the clerk entering the judgment shall include as a part of the judgment the amount of the filing fee, and the amount of the fee for the service of process or notices which would have been paid but for Section 6103, designating it as such. The clerk entering the judgment shall include as part of the judgment the amount of the fees for certifying and preparing transcripts if the court has, in its discretion, ordered those fees to be paid.

"(b) When an amount equal to the clerk's fees and the fees for service of process and notices is collected upon a judgment pursuant to subdivision (a), those amounts shall be due and payable to the clerk and the serving officer respectively. . . ."

[5]Code of Civil Procedure section 1033.5 provides in pertinent part: "(a) The following items are allowable as costs under Section 1032: [¶] . . . [¶]

"(c) Any award of costs shall be subject to the following:

"(1) Costs are allowable if incurred, whether or not paid."

"(a) Whenever a judgment is recovered by a public agency named in Section 6103 . . . in any action or proceeding . . . , which under the provisions of Section 6103 no fee for any . . . filing . . . has been paid, . . . the clerk entering the judgment shall include as a part of the judgment the amount of the filing fee . . . which would have been paid but for Section 6103, designating it as such. . . .

"(b) When an amount equal to the clerk's fees . . . is collected upon a judgment pursuant to subdivision (a), those amounts shall be due and payable to the clerk .. . . ."

It is apparent that section 6103.5 considers the filing fees to be an existing debt that simply remains unpaid. Filing fees are therefore costs incurred but not paid, which are recoverable under the general costs statute. Moreover, section 6103.5 *specifically prescribes* the inclusion of these fees as costs in a judgment; therefore a trial court does not have any discretion to tax them.

This leaves Guillemin's argument that section 6103.5 does not pertain to public *officers* such as the cross-defendants because the statute limits itself to judgments recovered by a *public agency*. Guillemin is mistaken.

■ " '[I]n construing a statute, a court [must] ascertain the intent of the Legislature so as to effectuate the purpose of the law.' " (*People v. Coronado* (1995) 12 Cal.4th 145, 151 [48 Cal.Rptr.2d 77, 906 P.2d 1232] (*Coronado*).) To determine legislative intent, we first examine the words of the statute (*ibid.*), applying "their usual, ordinary, and common sense meaning based [upon the language] used and the evident purpose for which the statute was adopted." (*In re Rojas* (1979) 23 Cal.3d 152, 155 [151 Cal.Rptr. 649, 588 P.2d 789].) "The meaning of a statute may not be determined from a single word or sentence; the words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible." (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].) If the words of the statute are ambiguous, a court "may resort to extrinsic sources, including the ostensible objects to be achieved and the legislative history." (*Coronado, supra*, 12 Cal.4th at p. 151.) Applying these rules of statutory interpretation, a court " 'must select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and to avoid an interpretation that would lead to absurd consequences.' [Citation.]" (*Ibid.*)

■ *Public agency* is a term that can be reasonably interpreted to include a variety of public litigants. And the Legislature has defined *public*

*agency* differently in Government Code statutes as a means of delineating the intended coverage of the statute. (Cf. §§ 6500 [joint powers agreements],[6] 31478 [county employees retirement law],[7] 53101 [local emergency telephone systems].)[8]

In the case of section 6103.5, the Legislature has defined *public agency* by cross-referencing the reader to section 6103. As stated *ante*, that section provides in pertinent part, that "[n]either the state nor any county, city, district, or other political subdivision, nor any public officer or body, acting in [an] official capacity . . . , shall pay . . . any fee for the filing of any document . . . ." Since defendants are public officers who acted in an official capacity, they are included within the list of entities and persons delineated in section 6103, and are therefore within the meaning of *public agency* as that term is used in section 6103.5. The trial court was therefore correct in ordering that filing fees be recouped as costs in the judgment.

Construing section 6103.5 in this way furthers the object to be achieved, the evil to be remedied, the statutory scheme of which the statute is a part, and legislative history. Before the enactment of section 6103.5 in 1949, the exemption to paying fees provided for in section 6103 operated to confer a special benefit (the cost of services performed by the clerk) on defendants successfully sued by public entities which was ultimately paid for by all other litigants. As enacted in 1949, section 6103.5 was sponsored by local governments as a revenue enhancement measure to address this inequity.[9] It did not use the term *public agency,* but rather delineated its scope by stating in pertinent part: "Whenever a judgment is recovered by the plaintiff or petitioner in any action or proceeding to begin which under the provisions of

---

[6]Section 6500 provides: "As used in this article, 'public agency' includes, but is not limited to, the federal government or any federal department or agency, this state, another state or any state department or agency, a county, county board of education, county superintendent of schools, city, public corporation, public district, regional transportation commission of this state or another state, or any joint powers authority formed pursuant to this article by any of these agencies."

[7]Section 31478 provides: " 'Public agency' means the United States of America, this state, or any department or agency of either, or any county, or any city, which city or county is within this state, or any public corporation, municipal corporation, or public district, which public corporation, municipal corporation, or public district is situated in whole or in part within the county, and any local agency formation commission. [¶] Section 31468 does not apply to this section."

[8]Section 53101 provides: " 'Public agency,' as used in this article, means the state, and any city, county, city and county, municipal corporation, public district, or public authority located in whole or in part within this state which provides or has authority to provide firefighting, police, ambulance, medical, or other emergency services."

[9]Governor's Office Legislative Memorandum on Assembly Bill No. 1827 (1949-1950 Reg. Sess.) June 28, 1949, page 1.

Section 6103 no filing fee has been paid . . . ."[10] Thus, there was no ambiguity whatsoever regarding the public litigants to which it pertained. It pertained to all those listed in section 6103, and that list included public officers who acted in an official capacity.

Section 6103.5 was amended in 1985; in so doing, the Legislature significantly expanded its scope by including additional categories of fees that could be recoverable by a county, and by including actions in which public litigants were successful *defendants* as well as successful plaintiffs or petitioners.[11] Supported by county supervisors and clerks, the amendment anticipated an increase in county revenue by more comprehensively addressing the aforementioned inequity created by the exemption provided for in section 6103.[12] It would contravene the intent of the 1985 amendment if we were to construe the term *public agency* to reduce the categories of public litigants covered by its terms.

█ Although cases are not authority for propositions not necessarily decided by them, we do note that our construction of section 6103.5 is consistent with the way this court applied the statute in *Townzen v. County of El Dorado* (1998) 64 Cal.App.4th 1350 [76 Cal.Rptr.2d 281]. There, a plaintiff brought an action against a county and 10 of its employees. We held that the fee for an initial appearance is determined per defendant, not per pleading. (*Id.* at p. 1358.)

## C

█ After the court denied the motion to tax costs, it held a subsequent hearing on cross-defendants' Code of Civil Procedure section 128.7 motion

---

[10]As enacted in 1949, section 6103.5 provided: "Whenever a judgment is recovered by the plaintiff or petitioner in any action or proceeding to begin which under the provisions of Section 6103 no filing fee has been paid, other than in a condemnation proceeding, the clerk entering the judgment shall include as a part of such judgment the amount of the filing fee which would have been paid but for Section 6103, designating it as such. When an amount equal to such filing fee is collected upon that judgment, that amount shall be due and payable to the clerk and remittances of the amounts so due shall be made at least quarterly during the year by the fiscal officer of the plaintiff or petitioner in the action or proceeding. No interest shall be computed or charged on the amount of such fee." (§ 6103.5, as enacted (Stats. 1949, ch. 789, § 1, p. 1528).)

[11]Section 6103.5, as amended in 1985 (Stats 1985, ch. 254, § 1, p. 1275), is nearly identical to that portion of the current statute quoted in footnote 4, *ante.*

[12]Senate Rules Committee, Office of Senate Floor Analyses, Report on Senate Bill No. 691 (1985-1986 Reg. Sess.) as amended April 23, 1985; General Counsel, County Supervisors Association of California, letter to Assemblyman Elihu Harris in support of Senate Bill No. 691 (1985-1986 Reg. Sess.) May 31, 1985; Assembly Committee on Judiciary, Analysis of Senate Bill No. 691 (1985-1986 Reg. Sess.) as amended April 23, 1986 (hg. May 31, 1985); Assembly Committee on Judiciary, Republican Analysis of Senate Bill No. 691 (1985-1986 Reg. Sess.) July 9, 1985; Office of Local Government Affairs, Enrolled Bill Report, Senate Bill No. 691 (1985-1986 Reg. Sess.) July 18, 1985.

for sanctions for the filing of a frivolous motion. The trial court awarded cross-defendants $690 in sanctions. In its order, the trial court stated, "It was absolutely clear that . . . § 6103.5 authorized deferral of filing fees for public officials and that the costs claimed by Cross-Defendants were incurred and will have to be paid to the Court Clerk if recovered."

■ Code of Civil Procedure section 128.7 imposes a lower threshold for sanctions than is required under Code of Civil Procedure section 128.5. This is because Code of Civil Procedure section 128.7 requires only that the conduct be "objectively unreasonable," while Code of Civil Procedure section 128.5 also requires "a showing of subjective bad faith." (*In re Marriage of Reese & Guy* (1999) 73 Cal.App.4th 1214, 1221 [87 Cal.Rptr.2d 339].)

Code of Civil Procedure section 128.7 was adopted to apply rule 11 of the Federal Rules of Civil Procedure (28 U.S.C.) (hereinafter rule 11), as amended in 1993, to cases brought on or after January 1, 1995. (See Assem. Com. on Judiciary, 3d reading analysis of Assem. Bill No. 3594 (1993-1994 Reg. Sess.) as amended May 23, 1994, pp. 1-2; Sen. Com. on Judiciary, Analysis of Assem. Bill No. 3594 (1993-1994 Reg. Sess.) as amended May 23, 1994, pp. 3-5; Sen. Com. on Judiciary, Analysis of Assem. Bill No. 3594 (1993-1994 Reg. Sess.) Aug. 23, 1994, p. 2; *Goodstone v. Southwest Airlines Co.* (1998) 63 Cal.App.4th 406, 423 [73 Cal.Rptr.2d 655] (*Goodstone*).) Because of this intent and the fact that the wording of Code of Civil Procedure section 128.7, subdivisions (b)(2) and (c) is almost identical to that found in rule 11(b)(2) and (c), federal case law construing rule 11 is persuasive authority with regard to the meaning of Code of Civil Procedure section 128.7. (*Goodstone, supra,* 63 Cal.App.4th at p. 422; *Cromwell v. Cummings* (1998) 65 Cal.App.4th Supp. 10, 14, fn. 6 [76 Cal.Rptr.2d 171].)

Under both Code of Civil Procedure section 128.7 and rule 11, there are basically three types of submitted papers that warrant sanctions: factually frivolous (not well grounded in fact); legally frivolous (not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law); and papers interposed for an improper purpose. (Code Civ. Proc., § 128.7; rule 11.)

■ Here, the trial court awarded sanctions because it found the motion to tax costs legally frivolous. ■ We review the court's award under an abuse of discretion standard. (*In re Marriage of Drake* (1997) 53 Cal.App.4th 1139, 1168 [62 Cal.Rptr.2d 466].)

■ Writing in *Operating Engineers Pension Trust v. A-C Co.* (1988) 859 F.2d 1336, the Ninth Circuit Court of Appeals held that "[r]ule 11 must not

be construed so as to conflict with the primary duty of an attorney to represent his or her client zealously. Forceful representation often requires that an attorney attempt to read a case or an agreement in an innovative though sensible way. Our law is constantly evolving, and effective representation sometimes compels attorneys to take the lead in that evolution. Rule 11 must not be turned into a bar to legal progress." (*Id.* at p. 1344.) We find that these principles are equally applicable to Code of Civil Procedure section 128.7.

■ The trial court was not faced with a motion that was being prosecuted for an improper motive. Its finding of frivolousness was based solely on the conclusion that any reasonable attorney would agree that the motion is totally and completely without merit. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179] [frivolousness of appeal determined if (1) appeal is taken for an improper motive; or (2) it indisputably has no merit].) In so finding, the trial court acted unreasonably and arbitrarily. The argument advanced by Guillemin that cross-defendants were not covered by section 6103.5 because they are individuals rather than public agencies is arguable. The term *public agency* does not usually connote an individual. One must read the statute with companion provisions of the Government Code and correctly interpret legislative intent in order to understand the more expansive meaning the Legislature assigned to the term. Thus, although Guillemin's contention lacks persuasive force, his motion was not frivolous and he was entitled to zealously argue the point. We will vacate the order awarding sanctions for filing the motion to tax costs.

## DISPOSITION

Appellant's motion to permit consideration of late-filed notice of appeal and request for judicial notice is denied. The appeal from the judgment is dismissed. The appeal from the part of the postjudgment order "confirming" the discovery sanctions is dismissed. The order denying the motion to tax costs is affirmed. The order awarding sanctions for filing a frivolous motion to tax costs is vacated. The parties will pay their own costs of appeal.

Morrison, J., and Robie, J., concurred.