Filed 8/31/16  Taxe v. Fernandez CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 977(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 977(b).  This opinion has not been certified for publication or ordered published for purposes of rule 977.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| RONALD TAXE,<br><br>        Plaintiff and Appellant,<br><br>    v.<br><br>RALPH FERNANDEZ,<br><br>        Defendant;<br><br>CAROLYN A. DYE, as Trustee in Bankruptcy,<br><br>        Intervener and Respondent. | No. B262519<br><br>(Los Angeles County<br> Super. Ct. BC546743) |

        APPEAL from an order of the Superior Court of Los Angeles County.  Michael P. Linfield, Judge.  Affirmed.


        Ronald Taxe, in pro. per., for Plaintiff and Appellant.


        Dumas & Kim, James A. Dumas and Bryan G. Tyson for Intervener and Respondent.

Ronald Taxe (appellant) appeals from an order imposing $25,000 in sanctions upon him and his attorney, jointly and severally. The trial court granted the motion for sanctions, filed by intervener Carolyn A. Dye (Dye), Chapter 7 trustee for the bankruptcy estate of Kathleen Kellogg-Taxe, at the same time as it granted Dye's motion for judgment on the pleadings on the ground that appellant's complaint was barred by the statute of limitations, res judicata and/or collateral estoppel. Appellant does not appeal the order granting judgment on the pleadings, nor does he address the merits of the sanctions order.

We affirm the order.

## BACKGROUND

**The complaint**

On May 27, 2014, appellant, his wife Nadina Taxe, and Kellspin, Inc., a Nevada corporation, filed this action against Ralph Fernandez (Fernandez). The complaint was captioned "Complaint for Cancellation of Void Judgment"

The judgment which appellant sought to avoid through this action is a quiet title judgment entered on May 5, 1994, in favor of Fernandez. Fernandez had initiated the quiet title action on January 2, 1992, after obtaining title to property located on Rochester Street, Los Angeles, California following an execution sale. The Rochester property had been owned by David Taxe and Rose Taxe, appellant's parents. The 1994 judgment specifically found that various liens the Taxes or their entities claimed against the property were fraudulent. The fraudulent liens were extinguished and expunged from the record. Among the liens extinguished was a judgment lien that had been issued in 1984 (the Omni Group lien) which attached to the Rochester property and all of David and Rose Taxe's property in Los Angeles, including a second property located on Vestone Way. The 1994 judgment was affirmed on appeal, and the fraudulent nature of the encumbrances was specifically addressed and confirmed.

Although the 1994 judgment extinguished the Omni Group lien, an assignment of the lien from the Omni Group to appellant and his wife was executed shortly after the trial in the 1994 matter. Appellant and his wife later purported to assign the Omni Group

2

lien to a corporation, Kellspin, Inc., which they claimed to own. Kellspin, Inc. was a named plaintiff in the present case.[1]

**Appellant's previous attempts to overturn the 1994 judgment**

Appellant's current complaint is the latest of several unsuccessful attempts to have the 1994 judgment overturned. First, various members of the Taxe family purportedly entered into a settlement agreement with Fernandez in 1996, the terms of which provided that the parties would take action to have the 1994 judgment declared a nullity. Fernandez's attorney filed a motion four years later, on May 15, 2000, to have the 1994 judgment set aside. The motion was supported by a declaration from appellant and was joined by appellant's parents. The motion was denied.

In 2013, appellant's sister-in-law, Kathleen Kellogg-Taxe, declared bankruptcy. Dye, the Chapter 7 trustee, wished to sell the debtor's residence, located on Vestone Way in Los Angeles.[2] Appellant stepped forward, claiming that he held one of the encumbrances that was extinguished in 1994 (the Omni Group lien), that it was still good, and that it constituted a judgment lien against the debtor's property. The trustee challenged that claim in bankruptcy court and the bankruptcy court ultimately authorized the sale of the Vestone Way property free of the alleged lien.

Appellant also approached the trial court for an order vacating the 1994 judgment. He did so on a ex parte basis, and did not notify Dye of the ex parte application. Appellant characterized the motion in 2000 as a stipulation by all parties to vacate the 1994 judgment, which had never been ruled upon. Appellant affirmatively represented that no third parties would be affected by the judgment. The trial court granted appellant's ex parte application and dismissed the action with prejudice.

Appellant took the order to the bankruptcy court and tried to get a ruling that the encumbrance was resurrected. Dye successfully opposed that motion. Dye also

---

[1]     Kellspin, Inc. is not a party to this appeal.

[2]     The Vestone Way property which had previously been owned by appellant's parents, David and Rose Taxe, was later transferred to Kathleen Kellogg-Taxe.

approached the trial court for a new order setting aside the order granting appellant's ex parte motion on the grounds that she had not been given notice. Dye was granted ex parte relief on April 3, 2014.

On April 14, 2014, a noticed motion seeking to vacate the 1994 judgment was filed. On May 8, 2014, the motion was denied after full briefing and argument. The trial court noted, "The court finds this motion to be close to frivolous, and questions whether [appellant's] counsel has intentionally misled the court in this motion and his previous motion to vacate." The court also noted that appellant appeared to make misrepresentations about the procedural history of the action: "On May 15, 2000, [appellant] filed an almost identical motion to the one before the court today . . . [appellant] strongly implies that [the 2000 motion] was never ruled on and therefore is still pending." The court later stated, "the critical fact is that [the trial court] DID rule on the motion," which was a clear denial. Appellant did not appeal from the May 8, 2014 order. However, on May 27, 2014, appellant filed this action.

**Proceedings below**

The current complaint asserts one new ground for cancelling the judgment, citing Civil Code section 3412, which provides for cancellation of a "written instrument" if certain conditions are met. The trial court held that appellant made no showing that the 1994 judgment constitutes an "instrument" under the statute, and that even if it applied, Civil Code section 3412 is subject to a four-year statute of limitations, rendering it useless to overturn a 20-year-old judgment. Apart from mention of Civil Code section 3412, the current complaint repeats the same arguments made in 2000 and 2014. The trial court found: "The issue[s] sought to be litigated in the instant action . . . were previously raised . . . in Fernandez and [appellant's] motion to set aside the judgment. . . . . Fourteen years later, these arguments were again raised by [appellant] in his 4/14/14 motion to set aside the judgment. . . . The Court denied this motion on 5/8/14."

Because the claims in the complaint had previously been raised and rejected, the trial court found that they were barred by res judicata or collateral estoppel.

In addition to filing this latest attempt to undo the 1994 judgment, appellant attempted to ensure that Dye remained unaware of the complaint. He did not name Dye as a party nor did he notify her of the new lawsuit. When she discovered the lawsuit, Dye sought to intervene in the action and have the case related back to the 2014 action. As an attachment to her notice of related case, Dye wrote:

> "On May 8, 2014, the Honorable Michael P. Linfield issued a ruling in Case No. BC045545 denying the motion brought by defendant Ronald Taxe to vacate a long-standing judgment in that case. The related case, Ronald and Nadina Taxe and Kellspin, Inc. v. Ralph Fernandez, Case No. BC546743, was brought on May 27, 2014, less than three weeks after the May 8 ruling. The related case involves the same parties and seeks to relitigate issues that have already been decided in Case No. BC045545, which had been before Judge Linfield for several months. The failure to designate the new case as related is a fraud on the Court."

Appellant then filed a peremptory challenge pursuant to Code of Civil Procedure section 170.6 seeking to have Judge Linfield disqualified from hearing this case. Dye moved to strike the peremptory challenge, and on July 31, 2014, her motion was granted and appellant's affidavit of prejudice against Judge Linfield was stricken.

Appellant then filed four additional notices of related case, attempting to relate the case to other proceedings, some of which were 20 years old. These further attempts to remove the matter from Judge Linfield's court were all rejected.

Dye was granted leave to file her complaint-in-intervention, which she filed on August 28, 2014. On October 8, 2014, she filed a motion for judgment on the pleadings and motion for sanctions against appellant and his attorney pursuant to Code of Civil Procedure section 128.7. The motions were heard on November 4, 2014. On December 16, 2014, the trial court issued orders granting both motions.

On March 9, 2015, appellant filed a notice of appeal, noting that the appeal was from an order granting sanctions of $25,000.[3]

---

[3] While the notice of appeal designated as appellants both appellant and his attorney, Gregory Grantham, Mr. Grantham has not made an appearance in this appeal nor has he filed an opening brief. Appellant appears in pro. per.

**DISCUSSION**

## I. Applicable law and standard of review

Code of Civil Procedure section 128.7 requires that all pleadings filed with the court be signed by an attorney of a represented party, or, if the party is not represented by counsel, by the party. (§ 128.7, subd. (a).) The signing of a filed pleading constitutes a certification by the person signing it that after a reasonable inquiry, the pleading (1) is not being presented for an improper purpose; (2) contains positions that are not frivolous; (3) alleges factual matter having evidentiary support; and (4) contains denials of factual allegations having evidentiary support. (§ 128.7, subd. (b).) The court, after proper statutory notice, may impose sanctions upon the attorneys, law firms, or parties who have improperly certified a pleading in violation of this statute. (§ 128.7, subd. (c).)

A ruling on a motion for sanctions brought under Code of Civil Procedure section 128.7 is reviewed under a deferential abuse of discretion standard. (*Guillemin v. Stein* (2002) 104 Cal.App.4th 156, 167.) Under this standard, a trial court's order will be overturned only if, considering all the evidence viewed most favorably in support of its order, no judge could reasonably make the order. (*In re Marriage of Feldman* (2007) 153 Cal.App.4th 1470, 1478.)

## II. No abuse of discretion occurred

It is appellant's burden to show that the trial court abused its discretion in making the sanctions order. (*In re Marriage of Corona* (2009) 172 Cal.App.4th 1205, 1227.) Appellant has not met this burden. He does not discuss Code of Civil Procedure section 128.7 nor the rationale behind the trial court's order imposing the sanction. He makes no relevant argument that the trial court abused its discretion in imposing sanctions.

Instead, appellant proposes the following issues on appeal: (1) whether the trial court abused its discretion by not considering evidence that one of the encumbrances declared fraudulent in 1994 was not part of a scheme to defraud Fernandez and the trustee; and (2) why the trustee expended funds attempting to quash that encumbrance when the only asset the debtor owned was the debtor's home which had been sold free and clear of that lien. The premise of appellant's argument is that if he can prove that the

lien was legally obtained, all of the arguments that have been put forth by the trustee will be meaningless and sanctions would not be warranted.

Appellant fails to address the reasons for the court's sanctions order. Appellant has, on several different occasions over the 20 years since the entry of the 1994 judgment, attempted to get the judgment overturned. His arguments have repeatedly been rejected.[4] At this point, appellant's arguments are frivolous. Thus, the complaint was filed in violation of Code of Civil Procedure section 128.7. In addition, appellant failed to notify interested parties of this lawsuit and failed to inform the court of related cases in violation of California Rules of Court, rule 3.300. Under the circumstances, the trial court did not abuse its discretion in granting Dye's motion for sanctions in the amount of $25,000.

## DISPOSITION

The order is affirmed. Respondent is awarded costs of appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
CHAVEZ

We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.
HOFFSTADT

---

[4] Appellant has not appealed the trial court's decision to grant judgment for Dye on the pleadings on the grounds that appellant's claims are barred by the statute of limitations, collateral estoppel and/or res judicata.

7