Filed 8/29/24  Ruckman v. Ag-Wise Enterprises CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| GLORIA RUCKMAN et al.,<br><br>Plaintiffs and Respondents,<br><br>v.<br><br>AG-WISE ENTERPRISES, INC. et al.,<br><br>Defendants and Appellants. | F084927<br><br>(Super. Ct. No. BCV-15-101699-BCB)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Kern County.  Bernard C. Barmann, Jr., Judge.

Grant, Genovese & Baratta, and Lance D. Orloff, for Defendants and Appellants.

Rodriguez & Associates, Daniel Rodriguez, Chantal A. Trujillo; Esner, Chang, Boyer & Murphy, Andrew N. Chang and Kevin K. Nguyen for Plaintiffs and Respondents.

-ooOoo-

Appellant and defendant Ag-Wise Enterprises, Inc. (Ag-Wise) appeals a sanctions order imposed under Code of Civil Procedure[1] section 128.7. The trial court sanctioned Ag-Wise and its attorney for filing a joinder to a motion for summary judgment or in the alternative summary adjudication filed by codefendant, Oasis Turf, LLC (Oasis), after Ag-Wise had stipulated to a trial continuance that entitled only Oasis to file a dispositive motion.

Ag-Wise contends: (1) the trial court abused its discretion by sanctioning Ag-Wise for asking the court to resolve the issue of whether both the landowner and its independent contractor could be vicariously liable under the peculiar risk doctrine; (2) the stipulation was agreed to under different circumstances and was rendered moot by subsequent case law and developments; and (3) Ag-Wise's joinder was not a dispositive motion because Ag-Wise joined Oasis's summary adjudication motion only on the peculiar risk issue and would only dispose of one claim against Ag-Wise.

We affirm the sanctions order.

## FACTS AND PROCEDURAL HISTORY

This case has previously been before us. (*Ruckman v. Wildwood Farms, LLC* (June 1, 2021, F078655) [nonpub. opn.] (*Ruckman I*).)[2] We summarize the facts and proceedings as relevant to the challenged sanctions order.

On November 13, 2015, an employee of Big N Deep Ag Development Co. (BND) was operating excavation equipment on agricultural land near Wible Road and Houghton Road in Kern County when he struck and ruptured an underground gas line resulting in

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise stated.

[2] Ag-Wise requested and this court granted judicial notice of plaintiffs' opening brief, plaintiffs' appendix, plaintiffs' reply brief, and our unpublished opinion from the prior appeal in this case. (Evid. Code, §§ 452, subd. (d), 459, subds. (a)–(c).) Portions of the previous opinion are incorporated herein.

an explosion and fire that killed the employee and injured several neighbors—the plaintiffs—on adjoining property. At the time of the explosion, plaintiffs Gloria Ruckman, minor infant Robert Elias Ruckman, and Amalia Leal were inside the Ruckmans' house. The explosion caused the entire house and surrounding property to catch fire. Although they were able to flee to safety, serious burns were suffered, and a loss of consortium resulted in the spousal relationship of Gloria and Robert Ruckman, as well as in that of Amalia and Gildardo Leal.

Plaintiffs' operative third amended complaint included causes of action for general negligence, strict liability, and premises liability. Plaintiffs argued various theories of liability including the peculiar risk doctrine. The defendants named in the complaint included: Wildwood, the owner of the property where the excavation took place; Ag-Wise, an independent contractor hired by Wildwood to prepare the land for almond trees; and BND, the subcontractor hired by Ag-Wise to perform the excavation work. Pacific Gas and Electric Company (PG&E), the utility company that owned and operated the underground gas line, was also named as a defendant.

In May and June of 2018, Ag-Wise and Wildwood added Oasis as a cross-defendant. Oasis had an agricultural lease with Wildwood to farm sod on portions of the property including where the explosion occurred.

On June 6, 2018, Wildwood filed a motion for summary judgment on three grounds: (1) Wildwood was not vicariously liable for the negligence of independent contractors or subcontractors; (2) plaintiffs' premises liability claim fails because the undisputed facts show Wildwood did not breach any duty owed to plaintiffs; and (3) plaintiffs' strict liability claim fails as a matter of law because digging, excavating and/or ripping of agricultural land is not an ultrahazardous activity. Ag-Wise also filed a motion for summary judgment on June 7, 2018.

3.

In August 2018, the parties stipulated "to continue the trial, final case management conference, mandatory settlement conference, expert and non-expert discovery cut-offs, pending Motions for Summary Judgment, and all trial-related dates, except that the deadline for filing Motions for Summary Judgment shall be continued only as it pertains to OASIS TURF, LLC—all other parties are subject to the original deadline for such motions." Ag-Wise drafted the stipulations. Oasis was given additional time due to its recent addition as a party. The dates stipulated to be continued included: "All trial-related deadlines, except that OASIS TURF, LLC shall be the only party entitled to file a dispositive motion on the deadline in relation to the new trial date." On August 7, 2018, the trial court issued an order memorializing the stipulations.

On September 24, 2018, the trial court granted in part and denied in part Ag-Wise's motion for summary judgment but granted Wildwood's motion for summary judgment in full. The court concluded in relevant part Wildwood could not as a matter of law be vicariously liable for the negligent acts or omissions of Ag-Wise. Judgment was entered in favor of Wildwood.

Plaintiffs appealed the judgment in favor of Wildwood. In *Ruckman I*, we reversed and remanded for the trial court to deny Wildwood's motion for summary judgment but grant summary adjudication on all causes of action other than peculiar risk. (*Ruckman I*, *supra*, F078655.) We were unable to conclude Wildwood could not be vicariously liable under the peculiar risk theory as a matter of law because the issue remained a triable issue of fact based on the showing made. (*Ruckman I*, *supra*, 2021 Cal.App. Unpub. LEXIS 3601, pp. *26–27.)

On October 28, 2021, Oasis filed a motion for summary judgment or in the alternative summary adjudication.

On November 29, 2021, Ag-Wise filed a joinder to Oasis's motion for summary judgment or in the alternative summary adjudication (hereafter "joinder"). Ag-Wise's joinder stated in relevant part:

> "AgWise will and hereby does move the Court pursuant to [section] 437c for an order granting summary adjudication of the following issues on the grounds that the moving papers and all evidence to be presented in this matter show that there is no triable issue of material fact, and that AgWise is entitled to judgment as a matter of law:
>
> "1. AgWise cannot be held liable under Plaintiffs Gloria Ruckman, Robert Ruckman, Robert Ruckman, a minor by and through his guardian ad litem Robert Ruckman, Amalia Leal, and Dildardo Leal' ("Plaintiffs") first cause of action for general negligence based on the peculiar risk doctrine because AgWise was not the landowner and did not give any direction to Big N Deep Ag Development Co. ("Big N Deep");
>
> "2. AgWise cannot be held liable under Plaintiffs' second cause of action for strict liability based on ultra-hazardous activity or inherently dangerous activity because AgWise did not own or have any interest in the pipeline;
>
> "3. AgWise cannot be held vicariously liable under Plaintiffs' third cause of action for premises liability based on Nondelegable Duty because Plaintiffs do not allege any unsafe condition of the property;
>
> "4. AgWise cannot be held liable under Plaintiffs' third cause of action for premises liability based on Nondelegable Duty because AgWise did not create any dangerous condition.
>
> "AgWise contends that Plaintiffs cannot establish essential elements of the above-listed causes of action against AgWise, rendering each of them without merit. Accordingly, as Plaintiffs cannot establish a genuine issue of material fact relative to these dispositive issues, and AgWise is entitled to summary adjudication in its favor as to each of the above-listed causes of action."

Ag-Wise attached a separate statement of undisputed facts and exhibits in support of the joinder.

On December 2, 2021, plaintiffs sent a letter to Ag-Wise requesting withdrawal of Ag-Wise's joinder on the grounds the joinder violated the parties' 2018 stipulations and

the court's related order. Plaintiffs communicated their intent to seek sanctions if Ag-Wise would not withdraw the joinder. By e-mail response the following day, Ag-Wise declined to withdraw the joinder because it was "not dispositive or a motion at all."

In January 2022, plaintiffs moved for sanctions in the amount of $10,500 against Ag-Wise and its counsel pursuant to sections 128.5 and 128.7. Plaintiffs argued Ag-Wise's joinder was filed for an improper purpose and was legally and factually frivolous. Plaintiffs alleged the joinder was a dispositive motion filed in direct violation of the stipulation and the trial court's order. Plaintiffs separately filed an opposition to Ag-Wise's joinder.

Ag-Wise filed an opposition to plaintiffs' motion for sanctions. Ag-Wise argued plaintiffs' peculiar risk theory of negligence was not viable against Oasis or Ag-Wise as a matter of law based in part on *Ruckman I* and *Gonzalez v. Mathis* (2021) 12 Cal.5th 29 (*Gonzalez*). Ag-Wise claimed the joinder was not a motion for summary judgment or a dispositive motion and did not violate the stipulation. Specifically, Ag-Wise argued plaintiffs' cause of action against Ag-Wise for negligent hiring of BND was not implicated by the joinder.

On March 1, 2022, the trial court held a hearing regarding plaintiffs' motion for sanctions. The court denied the request for sanctions under section 128.5[3] but imposed sanctions of $10,500 under section 128.7 against Ag-Wise and its counsel. The court concluded no reasonable attorney would join another party's motion to summarily adjudicate the peculiar risk doctrine's inapplicability after stipulating to a trial

---

[3] The minute order states plaintiffs' request for sanctions under section 128.5 violated section 128.7 by "being lumped in with the motion" for section 128.7 sanctions. (See § 128.7, subd. (c)(1).)

continuance that did not permit any other party to make a dispositive motion. Ag-Wise's joinder was stricken.

Following a jury trial, the trial court determined as a matter of law that Ag-Wise was vicariously liable under the peculiar risk doctrine for BND's negligence. On October 12, 2022, the trial court entered judgment for plaintiffs of approximately $25 million against BND and Ag-Wise.

Ag-Wise timely appealed the sanctions order.

## DISCUSSION

**I.      Legal Principles Governing Sanctions Under Section 128.7**

Section 128.7 "authorizes trial courts to impose sanctions to check abuses in the filing of pleadings, petitions, written notices of motions or similar papers." (*Musaelian v. Adams* (2009) 45 Cal.4th 512, 514.)[4] There "are basically three types of submitted papers that warrant sanctions: factually frivolous (not well grounded in fact); legally frivolous (not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law); and papers interposed for an improper purpose." (*Guillemin v. Stein* (2002) 104 Cal.App.4th 156, 167.) Sanctions under

---

[4]      Section 128.7, subdivision (b) states: "By presenting to the court, whether by signing, filing, submitting, or later advocating, a pleading, petition, written notice of motion, or other similar paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, all of the following conditions are met: [¶] (1) It is not being presented primarily for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. [¶] (2) The claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. [¶] (3) The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. [¶] (4) The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief."

"section 128.7 are not limited to the filing of papers that violate all of the requirements of subdivision (b).…  A violation of any of them may give rise to sanctions." (*Eichenbaum v. Alon* (2003) 106 Cal.App.4th 967, 976.)  "Section 128.7 imposes a lower threshold for sanctions than is required under [section] 128.5.  This is because [section] 128.7 requires only that the conduct be 'objectively unreasonable,' while [section] 128.5 also requires 'a showing of subjective bad faith.' " (*Guillemin v. Stein*, *supra*, at p. 167.)[5]

"Section 128.7 was modeled almost word for word on rule 11 of the Federal Rules of Civil Procedure (28 U.S.C.)." (*Musaelian v. Adams*, *supra*, 45 Cal.4th at pp. 517–518.)  California courts may thus look to federal case law construing rule 11 as persuasive authority on the meaning of section 128.7. (*Peake v. Underwood* (2014) 227 Cal.App.4th 428, 440 (*Peake*).)

Section 128.7 provides a 21-day safe harbor period "during which the opposing party may avoid sanctions by withdrawing the offending pleading or other document." (*Peake*, *supra*, 227 Cal.App.4th at p. 441; § 128.7, subd. (c)(1).)  A court has broad discretion to impose sanctions if the opposing party does not take advantage of the safe harbor period by withdrawing the offending filing. (*Bucur v. Ahmad* (2016) 244 Cal.App.4th 175, 190.)  "However, the application of section 128.7 must not 'conflict with the primary duty of an attorney to represent his or her client zealously,' through innovative but sensible advocacy." (*Ibid.*)

We review a sanctions order under section 128.7 for abuse of discretion. (*Peake*, *supra*, 227 Cal.App.4th at p. 441.)  "We presume the trial court's order is correct and do not substitute our judgment for that of the trial court.  [Citation.]  To be entitled to relief on appeal, the court's action must be sufficiently grave to amount to a manifest

---

[5]    Section 128.5, subdivision (a) provides:  "A trial court may order a party, the party's attorney, or both, to pay the reasonable expenses, including attorney's fees, incurred by another party as a result of actions or tactics, made in bad faith, that are frivolous or solely intended to cause unnecessary delay.…"

miscarriage of justice." (*Ibid*.)

## II.    Analysis

The trial court sanctioned Ag-Wise based upon its finding no reasonable attorney would join another party's motion to summarily adjudicate the peculiar risk doctrine's inapplicability after stipulating to a trial continuance that did not permit any other party to file a dispositive motion.  The court's ruling did not apparently turn on whether the arguments in the joinder were factually or legally frivolous—rather, the court concluded filing the joinder was objectively unreasonable after the parties stipulated only Oasis was entitled to file a dispositive motion.

### A.    Whether Ag-Wise Violated the Stipulation

"A stipulation is an agreement between counsel respecting business before the court." (*Palmer v. City of Long Beach* (1948) 33 Cal.2d 134, 142.)  Stipulations are binding on the parties.  (*Cooper v. Gordon* (1899) 125 Cal. 296, 302.)  "We interpret a stipulation, including a stipulation entered as a court order, in accordance with the ordinary rules of contract interpretation." (*Dowling v. Farmers Ins. Exchange* (2012) 208 Cal.App.4th 685, 694.)  " 'We interpret a contract so as to give effect to the mutual intention of the contracting parties at the time the contract was formed.  (Civ. Code, § 1636.)  We ascertain that intention solely from the written contract if possible, but also consider the circumstances under which the contract was made and the matter to which it relates.  (*Id.,* §§ 1639, 1647.)  …  We interpret words in accordance with their ordinary and popular sense, unless the words are used in a technical sense or a special meaning is given to them by usage.  (*Id.,* § 1644.)' " (*Id.* at p. 695.)  "The terms of a contract are determined by objective rather than by subjective criteria.  The question is what the parties' objective manifestations of agreement or objective expressions of intent would lead a reasonable person to believe." (*Winograd v. American Broadcasting Co.* (1998) 68 Cal.App.4th 624, 632.)  "The parties' undisclosed intent or understanding is irrelevant to

9.

contract interpretation." (*Founding Members of the Newport Beach Country Club v. Newport Beach Country Club Inc.* (2003) 109 Cal.App.4th 944, 956.)

Whether an objectively reasonable attorney would file Ag-Wise's joinder despite the stipulation depends to large extent on whether the joinder was a "dispositive" motion. "Dispositive" is defined as "bringing about a final determination." (Black's Law Dict. (11th ed. 2019) p. 593, col. 1.) Ag-Wise contends its joinder was not a dispositive motion because Ag-Wise joined Oasis's summary adjudication motion only on the peculiar risk issue and would dispose of only one of many claims against Ag-Wise. Ag-Wise essentially argues because its joinder sought summary adjudication and not summary judgment, the joinder was not a dispositive motion. We are not persuaded.

A motion for summary judgment and a motion for summary adjudication both seek a determination as a matter of law under section 437c. The purpose of summary judgment "is to provide courts with a mechanism to cut through the parties' pleadings in order to determine whether, despite their allegations, trial is in fact necessary to resolve their dispute." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843.) A party moving for summary judgment must show "there is no triable issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (*Raghavan v. Boeing Co.* (2005) 133 Cal.App.4th 1120, 1131; § 437c, subd. (c).) In seeking summary judgment, "all that the defendant need do is to show that the plaintiff cannot establish at least one element of the cause of action" or that there is a complete defense to the cause of action. (*Aguilar v. Atlantic Richfield Co.*, *supra*, at p. 853; *Raghavan v. Boeing Co.*, *supra*, at p. 1132.) A motion for summary judgment must "be supported by affidavits, declarations, admissions, answers to interrogatories, depositions, and matters of which judicial notice shall or may be taken." (§ 437c, subd. (b)(1).) The motion must "include a separate statement setting forth plainly and concisely all material facts that the moving

party contends are undisputed.  Each of the material facts stated shall be followed by a reference to the supporting evidence." (*Ibid.*)

"Summary adjudication works the same way as summary judgment, 'except it acts on specific causes of action or affirmative defenses, rather than on the entire complaint.' " (*Oroville Hospital v. Superior Court* (2022) 74 Cal.App.5th 382, 398; § 437c, subd. (f)(1).)  "A defendant making [a] motion for summary adjudication has the initial burden of showing that [a] cause of action lacks merit because one or more elements of the cause of action cannot be established or there is a complete defense to that cause of action." (*Intrieri v. Superior Court* (2004) 117 Cal.App.4th 72, 81–82.)  A motion for summary adjudication may be granted "only if it completely disposes of a cause of action, an affirmative defense, a claim for damages, or an issue of duty." (§ 437c, subd. (f)(1).)[6]  A "summarily adjudicated cause of action shall not 'bar' any of the remaining causes of action." (*Raghavan v. Boeing Co.*, *supra*, 133 Cal.App.4th at p. 1136; § 437c, subd. (n)(1).)  "A motion for summary adjudication may be made by itself or as an alternative to a motion for summary judgment and shall proceed in all procedural respects as a motion for summary judgment." (§ 437c, subd. (f)(2).)

Simply put, summary judgment disposes of the entire case while summary adjudication disposes of parts of the case. (*Schlessinger v. Rosenfeld, Meyer & Susman* (1995) 40 Cal.App.4th 1096, 1100, fn. 1 ["Unlike a summary judgment motion, a motion for summary adjudication does not dispose of all legal issues in the case."].)  An order granting summary adjudication as to one cause of action may however effectively dispose of the entire case. (See, e.g., *Belio v. Panorama Optics, Inc.* (1995) 33 Cal.App.4th 1096, 1101–1102 [the trial court's order granting summary adjudication on one cause of action

---

[6]     A party may move for summary adjudication of an issue or claim for damages (except for punitive damages) that does not completely dispose of the cause of action only by joint stipulation.  (§ 437c, subd. (t).)

rendered moot the two other ancillary causes of action].)  Furthermore, while summary adjudication may not necessarily dispose of the entire case, "[s]ummary adjudication of an issue is binding.  [Citation.]  Following a grant of summary adjudication in a defendant's favor, the cause of action is deemed 'established' and the parties may not relitigate the issue." (*Pinter-Brown v. Regents of University of California* (2020) 48 Cal.App.5th 55, 99.)  Because "[s]ummary adjudication of a cause of action 'is a judicial determination that the issue is not subject to further controversy,' " a filing seeking summary adjudication of one or more causes of action may fairly be considered a dispositive motion.  (*Ibid.*)

Ag-Wise requested summary adjudication of more than one cause of action pled by plaintiffs.  Even if only one of those causes of action had been summarily adjudicated in Ag-Wise's favor, plaintiffs would thereafter be precluded from pursuing that cause of action against Ag-Wise.  As succinctly put by plaintiffs, it does not get more dispositive than that.  Ag-Wise had long before stipulated only Oasis was entitled to file a dispositive motion.  Ag-Wise's filing of the joinder therefore violated that stipulation.

It is immaterial Ag-Wise's filing sought to join Oasis's motion.  A party may join another party's arguments.  (*Decker v. U.D. Registry, Inc.* (2003) 105 Cal.App.4th 1382, 1391, superseded by statute on other grounds as noted in *Hall v. Time Warner, Inc.* (2007) 153 Cal.App.4th 1337, 1349.)  But a party seeking to join another party's motion for summary judgment or summary adjudication must include a separate statement of undisputed facts and the supporting documents required under section 437c.  (*Village Nurseries v. Greenbaum* (2002) 101 Cal.App.4th 26, 46–47.)  "When a party merely joins in a motion for summary judgment without presenting its own evidence, the party fails to establish the necessary factual foundation to support the motion." (*Barak v. The Quisenberry Law Firm* (2006) 135 Cal.App.4th 654, 661.)  Ag-Wise recognized its obligation to establish this foundation by including a separate statement and supporting

documents with its joinder and indeed, Ag-Wise expressly argued its joinder complied with section 437c because a separate statement was included.[7] The filing may have been titled a "joinder" because Ag-Wise claimed to be joining Oasis's arguments on the applicability of the peculiar risk doctrine, but the joinder expressly sought relief for Ag-Wise and was required to stand on its own two feet independent of Oasis's motion.

## B. The Viability of the Stipulation

Ag-Wise contends its attorneys believed the stipulation was agreed to under wholly different circumstances and was thus moot or obsolete. Ag-Wise points to the following alleged changed circumstances after the stipulation: Wildwood and Ag-Wise could not both be vicariously liable for BND's negligence under the peculiar risk doctrine based on plaintiffs' previous appellate briefing and our opinion in *Ruckman I*; and recent Supreme Court holdings supported Ag-Wise's position only landowner Wildwood could be vicariously liable for its independent contractor, BND, citing *Gonzalez* and *Sandoval v. Qualcomm Incorporated* (2021) 12 Cal.5th 256 (*Sandoval*).

Ag-Wise basically argues a more favorable legal landscape developed in the interim since the stipulation that relieved Ag-Wise from an agreement all other parties abided by. Ag-Wise cites no supporting authority for this notion. A party may move the trial court to be relieved of a stipulation previously entered. (*People v. Trujillo* (1977) 67 Cal.App.3d 547, 554–555.) Ag-Wise did not ask to be relieved of the stipulation. Instead, Ag-Wise unilaterally concluded the stipulation was no longer binding.

Even assuming the joinder had legal merit, filing a nonfrivolous motion for an improper purpose may be sanctioned. (See, e.g., *Aetna Life Ins. Co. v. Alla Medical Services, Inc.* (9th Cir. 1988) 855 F.2d 1470, 1475–1477 [a nonfrivolous complaint cannot be filed for an improper purpose but a nonfrivolous motion filed as part of abusive

---

[7] Specifically, Ag-Wise argued its joinder was procedurally proper under section 437c in its reply memorandum filed in support of the joinder.

litigation activity may be sanctioned under rule 11]; *Cohen v. Virginia Electric & Power Co.* (4th Cir. 1986) 788 F.2d 247, 248–249 [the court did not abuse its discretion in sanctioning a party for filing a legally justified motion for an improper purpose].)  Filing a joinder seeking summary adjudication of several causes of action was an improper attempt to circumvent the parties' express agreement that only Oasis was entitled to file a dispositive motion.  We cannot say the trial court acted arbitrarily in sanctioning Ag-Wise for doing so.

We further reject Ag-Wise's argument that plaintiffs' appellate briefing and our prior opinion in *Ruckman I* indicated Wildwood and Ag-Wise could not both be vicariously liable under the peculiar risk doctrine.  In *Ruckman I*, plaintiffs argued there remained triable issues about whether Wildwood could be vicariously liable for the negligent actions of its independent contractors under the peculiar risk doctrine, but plaintiffs did not argue *only* Wildwood could be vicariously liable.  In our previous opinion, we agreed with plaintiffs there remained triable issues of fact regarding Wildwood's liability and concluded the trial court erred in finding Wildwood could not be vicariously liable as a matter of law under the peculiar risk doctrine.  (*Ruckman I*, *supra*, F078655.)  Our analysis was restricted to whether the trial court improperly granted summary judgment to Wildwood.  *Ruckman I* did not consider or conclude *only* Wildwood as the landowner could be vicariously liable under this theory.  Cases are not authority for propositions not considered.  (*B.B. v. County of Los Angeles* (2020) 10 Cal.5th 1, 11.)

Ag-Wise also misconstrues *Gonzalez* and *Sandoval*, and whether these two cases departed from established case law about the peculiar risk doctrine.  As stated in our previous opinion:  "At common law, a landowner or other person who hired an independent contractor to perform a task generally was not liable to third parties for injuries caused by the independent contractor's negligence.  (*Delgadillo v. Television*

*Center, Inc.* (2018) 20 Cal.App.5th 1078, 1086; *Kesner v. Superior Court* (2016) 1 Cal.5th 1132, 1160.)" (*Ruckman I*, *supra*, 2021 Cal.App. Unpub. LEXIS 3601 at pp. *18–19.) In *Privette v. Superior Court* (1993) 5 Cal.4th 689 (*Privette*), our Supreme Court recognized the peculiar risk exception to this common law principle. (*Id.* at p. 693.) The *Privette* court concluded in pertinent part: "When a property owner *or general contractor* who hires an independent contractor for work presenting a peculiar risk of harm to others *is held liable under the doctrine of peculiar risk for injuries to an innocent bystander or an owner of neighboring land*, the property owner or general contractor can, for the damages paid the injured party, obtain equitable indemnity from the independent contractor responsible for the injuries." (*Id.* at p. 701, italics added.)

*Privette* thus from its inception did not restrict application of the peculiar risk doctrine to only a landowner. (See also *Fire Ins. Exchange v. American States Ins. Co.* (1995) 39 Cal.App.4th 653, 661 ["both the owner of land and a general contractor who hires an independent contractor may have liability pursuant to the peculiar risk doctrine" under *Privette*].) Furthermore, "[u]nder the **Privette** doctrine, there is no legal distinction between a general contractor and a landowner who hires independent contractors; both are 'hirers' within the meaning of the doctrine." (*Michael v. Denbeste Transportation, Inc.* (2006) 137 Cal.App.4th 1082, 1097, bold type added.) The Supreme Court has also used "landowner" in addressing the peculiar risk doctrine "to refer to either an owner or a possessor of land that owes some kind of duty of care to keep the premises safe." (*Kinsman v. Unocal Corp.* (2005) 37 Cal.4th 659, 664, fn. 1.)

In *Gonzalez*, our Supreme Court addressed "whether a landowner may … be liable for injuries to an independent contractor or its workers that result from a known hazard on the premises where there were no reasonable safety precautions it could have adopted to avoid or minimize the hazard." (*Gonzalez*, *supra*, 12 Cal.5th at p. 38.) In declining to create this exception to the *Privette* doctrine, the court noted *Privette* "held that the

doctrine of peculiar risk—which provides that *landowners* are vicariously liable for injuries to third parties resulting from the negligence of independent contractors in performing inherently dangerous work on the landowners' property—does not apply to injuries sustained by the contractor's own employees." (*Gonzalez*, at p. 41, italics added.) Ag-Wise latches onto this wording to argue *only* Wildwood as the landowner could be vicariously liable for BND's negligence. The *Gonzalez* court's synopsis of the *Privette* holding does not amount to adoption of a new rule of law that only a landowner may be vicariously liable under the peculiar risk doctrine, particularly since this reading would conflict with *Privette* and its progeny. The issue was not considered or addressed by *Gonzalez*. Again, cases are not authority for propositions not considered.

In *Sandoval*, our Supreme Court addressed whether the premises owner who hired the contractor could be liable in tort to an electrical parts specialist injured by a live circuit while working for the contractor. (*Sandoval*, *supra*, 12 Cal.5th at p. 264.) In discussing *Privette*, the court stated: "Lest the victim be limited to suing an insolvent contractor, courts have extended various theories of direct and vicarious liability so the injured third party can recover from the hirer. [Citation.] As between an unrelated third party and a hirer, courts have preferred to let the loss lie with the party for whose benefit the contracted work was undertaken." (*Sandoval*, at p. 269.) Based on this language, AgWise argues Wildwood was the only party for whose benefit BND's work was performed and justified Ag-Wise's attempt to ask the trial court to resolve whether both Ag-Wise and Wildwood could be liable before trial.

Preliminarily, we question if Ag-Wise may rely on *Sandoval* to challenge the sanctions order because Ag-Wise did not cite *Sandoval* in opposing plaintiffs' motion for sanctions. (See *Peake*, *supra*, 227 Cal.App.4th at p. 443 [because the trial court has broad discretion in ruling on a sanctions motion, arguments not raised before the trial court by the party opposing sanctions are forfeited on appeal].) Regardless, *Sandoval*

does not assist Ag-Wise. As with *Gonzalez*, the *Sandoval* court's summary of existing legal theories of liability cannot be interpreted as altering the peculiar risk doctrine's application. The *Privette* court recognized the doctrine "seeks to ensure … that the person for *whose benefit the contracted work is done* bears responsibility for any risks of injury to others." (*Privette*, *supra*, 5 Cal.4th at p. 691, italics added.) The peculiar risk doctrine was already understood as placing responsibility for injuries to third parties on the person who benefited from the contracted work. *Sandoval* did not hold the doctrine only applies to those who *ultimately* benefited from the work as argued by Ag-Wise.

The trial court did not abuse its discretion in imposing sanctions against Ag-Wise and its attorney.

## **DISPOSITION**

The sanctions order is affirmed. Plaintiffs and respondents shall recover their costs on appeal.

LEVY, Acting P. J.

WE CONCUR:


FRANSON, J.


PEÑA, J.

17.